**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

JESUS GONZALEZ,

    Plaintiff,
vs.

SUNSHINE GASOLINE DISTRIBUTORS, INC.
d/b/a Marathon #117

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint and sues Defendant Sunshine Gasoline Distributors, Inc. ("Defendant") d/b/a Marathon #117 for injunctive relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181-12189 ("ADA") and alleges the following:

**JURISDICTION AND VENUE**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §§36.302, 36.303.  The foregoing constitutes violation of 28 C.F.R. §§36.302, 36.303 and 42 U.S.C. §12182.

2.    This Court is vested with original jurisdiction under 28 U.S.C. §1331.

1

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the State of Florida, Southern District of Florida.

4. Furthermore, venue is proper pursuant to 28 U.S.C. §1391(b) because the Defendant is conducting business within the jurisdiction of this court by virtue of the fact its place of public accommodation is available to the general public within this district and the acts constituting the violation of the ADA occurred in this district.

5. Defendant is authorized to conduct business within the State of Florida as a domestic for-profit corporation.

6. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**FACTS**

7. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA and ADAAG.

8. Defendant is the owner and operator as a franchisee of a chain of gasoline stations under the brand name "Marathon."

9. Defendant is also the owner of the commercial real property which is built out as a Marathon gasoline station and is more commonly known as the Marathon #117 gas station at 2445 West Flagler Street, Miami Florida 33124. This property is legally

identified as Folio # 01-4103-034-0010 with address being 2381 West Flagler Street, Miami Florida 33124.

10. Defendant's Marathon gas stations (including Marathon #117 which is the subject of this action) are open to the public and each is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(F); §12182, and §36.104(6).

11. Defendant's Marathon gas stations (including Marathon #117 which is the subject of this action) also contain convenience stores which meet the definition of a public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 CFR 36.104(5).

12. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and operates Marathon brand gasoline stations and convenience stores; U.S.C. §12181(7)(F), (E) and 28 C.F.R. §36.104.

13. The Marathon #117 gas station which is the subject of this action is referenced throughout as "Place of Public Accommodation," "gas station," or "Marathon #117 (gas station)."

14. Plaintiff is frequently in the area of the Marathon #117 gas station visiting friends. Therefore, on November 5, 2021 Plaintiff drove up to one of the gasoline pumps at Defendant's Marathon #117 gas station in order to purchase gasoline for his vehicle and to make a purchase a beverage inside of the Defendant's store. Plaintiff's visit was prior to instituting the instant action.

15. While patronizing the gas station, Plaintiff encountered multiple areas of inaccessibility while perambulating to the restroom and while using the restroom facilities.

16. This discrimination has resulted in Plaintiff being denied full and equal provision of goods, services, facilities, privileges, advantages, and accommodations being offered at the Marathon #117 gas station to the general public.

17. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries and has suffered an injury-in-fact.

18. Due to the fact that Defendant owns a chain of Marathon brand gasoline stations, Defendant is well aware of the ADA and the need to accommodate disabled individuals to provide access to its goods and services as it provides to the general public. Therefore, Defendant's failure to reasonably accommodate disabled individuals by insuring that its Marathon #117 gas station was/is full accessible to disabled individuals is/was willful, malicious, and oppressive and violation of the ADA. 28 C.F.R. §36.302.

19. Plaintiff has patronized the Marathon #117 gas station in the past and continues to desire to return to purchase items from the convenience store in the gas station and to test for compliance with the ADA and ADAAG in the future, but Plaintiff continues to be injured in that there is no established method or means to alert Defendant's representatives as to his presence and needs for assistance as a disabled individual.

20. For all of the foregoing, Plaintiff has no adequate remedy at law.

21. Plaintiff has been obligated to retain the law offices of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I - VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Defendant's Marathon #117 gas station is open to the public, which means that it is a place of public accommodation governed by the ADA, and therefore must be in compliance therewith.

25. Prior to the filing of this lawsuit, Plaintiff personally visited the Marathon #117 gas station, however Plaintiff was denied adequate accommodation because (as a

disabled individual who utilizes a wheelchair for mobility), he encountered barriers to access. Therefore, Plaintiff has suffered an injury in fact.

26. Defendant has discriminated, and continues to discriminate, against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its Marathon #117 gas station, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

27. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Marathon #117 gas station.

28. Defendant is governed by the ADA and must be in compliance therewith. Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

29. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

30. Defendant's commercial property, which it operates as the Marathon #117 gas station, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendant has discriminated against the Plaintiff as a result of *inter alia*, the following specific violations:

i. Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope (which is over 2.1%). Failure to provide accessible means of egress from the parking to the convenience store due to the excessive slope of the parking lot is a violation of 2010 ADA Standards for Accessible Design Sections 207.1, 502.4 and Section 403.3. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. Section 502.4 states that parking spaces and access aisles serving them shall comply with Section 302, and that access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. Defendant is also in violation of Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. Plaintiff could not lock the bathroom toilet compartment stall door without assistance as there is no ability to lock the door with a closed fist, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a force required to activate no more than 5 pounds) and §404.2.7 states that door hardware must be operable with a closed fist or a loose grip. Further, the door hardware is overall in violation of 604.8.1.2.

    iii.    Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27" (685 mm) high, 30" (760 mm) wide, and 19" (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

    iv.    Plaintiff had difficulty opening the door without assistance, as the required maneuvering clearance on the push side of the door is not provided due to the lavatory encroaching over the required maneuvering floor space. This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors shall comply with (the table at) 404.2.4; in this instance, the encroaching lavatory causes a violation of the minimum required maneuvering clearances.

    v.    Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28

C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

31. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, Defendant is required to make its Marathon #117 gas station restaurant accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez respectfully prays that this Court grant the following relief against the Defendant Sunshine Gasoline Distributors, Inc. and requests the following relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its commercial property and the Marathon #117 gas station located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      a)      The Court award reasonable costs and attorneys fees; and

      b)      The Court award any and all other relief that may be necessary and appropriate.

Dated this 6th day of December, 2021

                                    Respectfully submitted,

                                    */s/ J. Courtney Cunningham*
                                    J. Courtney Cunningham, Esq.
                                    J. COURTNEY CUNNINGHAM, PLLC
                                    FBN: 628166
                                    8950 SW 74th Court, Suite 2201
                                    Miami, Florida 33156
                                    Telephone:  305-351-2014
                                    Email: cc@cunninghampllc.com
                                    *Counsel for Plaintiff*